## BENJAMIN REEDER v. JAMES PUGH.

ACTION, *Unmaintainable.* Where R. sues B. for $300, and attaches B.'s personal property, and R., without any authority, includes in his action a portion of a claim of P. against B. for $15, and R. recovers a judgment by default against B. for the whole amount claimed, but realizes thereon only $14.10 above costs, and B. is insolvent, and P. then sues R. for the amount of his claim against B., *held*, under the circumstances of this case (which are more fully stated in the opinion), that P. cannot recover.

### *Error from Johnson District Court.*

AT the June Term, 1879, of the district court, *Pugh*, as plaintiff, recovered a judgment against *Reeder* as defendant, who brings the case here. The opinion fully states the facts.

*Burris & Little,* for plaintiff in error.

*Hutchison & Rankin,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The facts of this case are as follows: Benjamin Reeder and James Pugh each had a claim against William Barker. Reeder's claim was for $285, and Pugh's for $27.50. Reeder commenced an action against Barker for his claim, and included in his action $15 of Pugh's claim. Reeder alleged in his pleading, (which is a bill of particulars,) that this claim of Pugh's for $15 had been duly assigned to him, Reeder. This, however, was not true. It had never been assigned to him, and he had no authority to

sue for it. Reeder also procured an attachment in the action, and caused some personal property of Barker's to be attached. Afterward, Reeder told Pugh what he had done, and that he (Pugh) should have his money. Pugh then said that if he got his money, it was all right, but if he did not get it, it was not all right. Pugh asked Reeder what he would give for the claim, and Reeder answered that he would not give a nickel. Afterward, Reeder obtained a judgment, by default, against Barker for $321.70, which included said $285, and said $15, and interest, and costs. The attached property was sold, and out of the proceeds thereof Reeder realized $14.10, besides costs. No other property belonging to Barker could be found, and he seems to be insolvent. Pugh then commenced this action against Reeder for his said claim against Barker, to wit, $27.50, and he recovered a judgment thereon against Reeder for $15, and costs. Was this judgment erroneous? We should think it was. Pugh had no cause of action against Reeder. Pugh's claim was against Barker, who was the only one to whom he gave credit. No contract existed between Pugh and Reeder, and the only transaction had between them was in parol. Besides, no consideration passed from Pugh to Reeder. Pugh did not assign his claim against Barker to Reeder. Nor did he authorize Reeder to sue on it. Nor did he release Barker from liability thereon. Nor did he release anything. He had no interest in or lien upon the attached property, and did not pretend to release the same. Nor did he accept Reeder as his debtor in the place of Barker. Nor did Reeder recover said judgment for the $15, or for any portion thereof, or for any other amount, by reason of anything that Pugh did. Nor did Reeder realize $15 on his judgment, but only $14.10. Nor did he realize any amount over and above his own claim. Nor did he realize even the one-nineteenth part of his own claim. We would therefore think that the plaintiff, Pugh, cannot recover in this action. See statute of frauds, § 6, Comp. Laws of 1879, p. 464; 1 Pars. Cont., 219 and note e; 3 Pars. Cont., 19, et seq.; 13 Am. Law Reg. (N. S.) 593, et seq., and 721,

*et seq.;* Browne on Frauds, §§ 158 to 161, 178, 189 to 191; *Malony v. Gillett,* 21 N. Y. 412.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.